UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

De'Amontae Manning,                   Case No. 3:25-cv-1867

             Plaintiff

     v.

                                            ORDER DISMISSING CASE

Corrections Officer Tristin Pruitt,

             Defendant

       *Pro se* Plaintiff De'Amontae Manning, a state prisoner incarcerated in the Toledo Correctional Institution, has filed a prisoner civil rights complaint in this case seeking damages for his claim that on March 15, 2025, Defendant Corrections Officer Tristin Pruitt denied Manning appropriate religious meals during Ramadan.  (Doc. No. 1).  With his complaint, Manning filed a motion to proceed in the case without prepayment of fees and costs.  (Doc. No. 2).

       Under the three strikes rule set out in 28 U.S.C. § 1915(g), a prisoner is prohibited from bringing a civil action *in forma pauperis* in federal court "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  28 U.S.C. § 1915(g); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008).

       To qualify for the exception to the three-strikes rule, a plaintiff must plead sufficient "facts from which a court, informed by its judicial experience and common sense, could draw a reasonable inference" that the plaintiff was under a real and proximate danger of serious physical injury at the time he filed his complaint.  *Vandiver v. Prison Health Servs., Inc.*, 727 F.3d 580, 585 (6th Cir. 2013).

Allegations that a prisoner was subjected to past harm do not suffice to demonstrate imminent harm. *Rittner*, 290 F. App'x at 798.

Manning is a frequent filer in federal court and has, on at least three prior occasions while incarcerated, filed actions or appeals in federal court that were dismissed on grounds they were frivolous, malicious, or failed to state a claim upon which he may be granted relief. *See e.g., Manning v. Henderson*, No. 4:24-cv-795 (N.D. Ohio dismissed July 19, 2024); *Manning v. Henderson*, No. 3:24-cv-559 (N.D. Ohio dismissed Sept. 26, 2025); *Manning v. Ellis*, No. 3:24-cv-1170 (N.D. Ohio dismissed Sept. 18, 2024).

In this case, Manning does not assert or set forth allegations from which I reasonably conclude that he was in imminent danger of serious physical injury at the time he filed his complaint in this case in September 2025. Rather, the allegations in his complaint indicate that he was denied religious meals in March 2025 – nearly six months before he filed this case. (Doc. No. 1 at 7).

Accordingly, Manning's motion to proceed without prepayment of fees and costs in this case is denied, (Doc. No. 2), and this action is dismissed under the three-strikes rule set out in 28 U.S.C. § 1915(g). If Manning wishes to proceed with this case, he must pay the full filing fee of $405 and file a Motion to Re-Open within thirty (30) days of this Order. The Clerk's Office is directed not to accept a Motion to Re-Open unless it is accompanied by the full filing fee. No other documents will be accepted for filing unless the entire filing fee is paid and the Motion to Re-Open is granted.

I further certify, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge